IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Criminal No. 4:99-221-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Clarence Edward Cyrus,<br>                    Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Relief Under the First Step Act of 2018. ECF No. 190. The United States Probation Office filed a Sentence Reduction Report ("SRR") indicating Defendant did not qualify for relief under the Act. ECF No. 193. Thereafter, Defendant filed "objections to the SRR" (ECF No. 201) and a *pro se* Reply[1] (ECF No. 205). The Government then filed a Response in opposition (ECF No. 208) and a Supplemental Response (ECF No. 209). The Probation Office has now filed an Amended SRR indicating Defendant appears to be eligible for consideration of a reduced sentence as his conviction on Count 2 is for a "covered offense" under the Act. ECF No. 210.

The court has reviewed the above filings as well as the Second Superseding Indictment, the Plea Agreement, the Transcript of Rule 11 hearing (ECF No. 83) and PreSentence Report ("PSR") (ECF No. 193-1), and agrees that Count 2 is a "covered offense" under the First Step Act.

---

[1] This document was titled "Defendant's Objections to the Magistrate Judge's R&R." ECF No. 205. There was no Report and Recommendation by a Magistrate Judge, but a text order from the district judge was entered on February 14, 2019. ECF No. 194. The court will therefore consider this document as a response to that text order.

# BACKGROUND

Defendant entered into a Plea Agreement to plead guilty to Counts 1 and 2 of the Second Superseding Indictment, which charged (1) conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, also known as "crack" cocaine, and (2) possession with intent to distribute and distribution of 50 grams or more of cocaine base. ECF No. 83 at 39, 63-64.

At the Rule 11 hearing, the court advised Defendant:

Now, in order for the government to prove the two charges there, count 1 and count 2, they would have to be able to prove what are called elements of each offense, and they would have to prove each of these elements beyond a reasonable doubt.
…
Now, first of all the conspiracy charge, which is count 1, they would have to prove that this conspiracy that is described in count 1 was willfully formed and was existing at or about the dates in the indictment, and that the purpose of this conspiracy was to possess with intent to distribute and to distribute drugs, that is of two kinds, powder cocaine and crack cocaine. That at some point during the existence of this conspiracy you knew, you yourself knew of the purpose of this agreement and you deliberately joined in. And then they would have to prove that at some point during the time of that conspiracy, that the amount of five kilograms or more of cocaine was intended to be or was in fact possessed with the intent to distribute, and that the amount of 50 grams or more of cocaine base was possessed or possessed with intent to distribute.

Now, the second charge is the actual charge of a distribution that occurred on August the 7th of 1998, and to prove that charge they would have to prove three essential elements. First of all, that on or about that date you knowingly and intentionally possessed and distributed the crack cocaine described in Count 2; secondly, that at the time of that distribution you knew that what you were distributing was a controlled substance, that is an illegal drug; and third, that you distributed this controlled substance yourself with the intention that it be distributed or passed to another person, whether for money or without money. And because of the amount alleged here they would have to prove that that was 50 grams or more of cocaine base, that is, crack cocaine.

> So that's what they would have to prove in order to be entitled to a verdict at trial, they would have to prove all of those things beyond a reasonable doubt as to Count 1 and Count 2. Do you understand that?
> The Defendant: Yes, ma'am.

*Id.* at 64-65.

The Government summarized the evidence against Defendant, explaining Defendant supplied various individuals with powder cocaine. Defendant was identified by informants who recorded conversations with Defendant regarding purchasing and distributing drugs, and the Government made several controlled purchases from Defendant via informants. *Id.* at 67-68.

Thereafter the court inquired of Defendant as follows:

> The court: Let me ask it this way, do you admit that you sold two ounces of crack to Bobby Singletary in 1998?
> The defendant: Yes, ma'am.
> The court: All right. And did you know that it was crack?
> The defendant: Yes, ma'am.
> …
> The court: But is it correct that during this period of time, from 1987 up to the time you were arrested, that you were involved in obtaining at least five kilos of powder cocaine?
> The Defendant: I – I would guess so.
> The court: Well, do you have any doubt about it?
> The Defendant: No, ma'am.
> …
> The court: All right. Now, how do you wish to plead to Counts 1 and 2 of the Indictment, not guilty or guilty?
> The Defendant: Guilty.

*Id.* at 70:22-71:3; 74:1-7; 74:21-75:5; 75:8-10.

At sentencing, Defendant was subject to a statutory range of 10 years to Life imprisonment on both counts, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 210-1 at ¶ 77. Based on a total offense level of 43 and a criminal history category I, his guideline range was Life. *Id.*

3

at ¶ 78. Defendant was sentenced to Life imprisonment on Count 1 and on Count 2, concurrent, and a term of supervised release of five years if released from custody. ECF No. 88. Defendant appealed his conviction and sentence, but the judgment was affirmed by the Fourth Circuit. ECF No. 131.

## ANALYSIS

The court finds Defendant's statutory range on Count 2 is changed by the First Step Act and is no longer 10 years to Life imprisonment and at least five years' supervised release, but is now five to 40 years' imprisonment and at least four years' supervised release. Therefore, because the statute of conviction on Count 2 is one for which the statutory penalties were modified by section 2 of the Fair Sentencing Act, it is a "covered offense."

However, Defendant's conviction on Count 1, for which he is serving Life imprisonment, concurrent with Life Imprisonment on Count 2, is not a covered offense. Defendant pled guilty in Count 1 to Conspiracy to Possess with intent to Distribute and to Distribute five kilograms or more of cocaine and 50 grams or more of cocaine base.

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of conspiring to possess with intent to distribute both five kilograms or more of cocaine and 50 grams or more of cocaine base, a violation of 21 U.S.C. §§ 846, 841 (b)(1)(A), Count 1 is not a covered offense eligible for First

Step Act relief.[2] Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28 grams.'" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372. Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession. Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372. Neither section altered the statutory penalties for offenses involving powder cocaine.

Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory penalty for Defendant's offense of conviction in Count 1 is 10 years to Life imprisonment pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A). Regardless of whether Defendant's cocaine base amount no longer triggers his original statutory penalty range, five kilograms or more of powder

---

[2] *United States v. Juan Mendoza*, __ F. App'x __, 2019 WL 4051965, at *1, (4th Cir. Aug. 28, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana), *aff'g* 2019 WL 1593998 (D.S.C. Apr. 15, 2019); *United States v. Westbrook*, __ F. App'x __, 2019 WL 3991466, at *1 (4th Cir. Aug. 23, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base), *aff'g* 2019 WL 1542571 (D.S.C. April 9, 2019); *United States v. Spencer*, Cr. No. 07-174, 2019 WL 3369794, at *2 (D. Minn. July 26, 2019) ("Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not "covered offenses" under the First Step Act."); *United States v. Smith*, No. 8:02-cr-448, 2019 WL 2330482, at *1 (M.D. Fla. May 31, 2019); *United States v. Jones*, Cr. No. 94-0067, 2019 WL 1560879, at *2 S.D. Ala. April 9, 2019). *But see United States v. Medina*, No. 3:05-cv-58, 2019 WL 3766392, at * 2 (D. Conn. Aug. 8, 2019); *United States v. Mack*, Crim. No. 00-323, 2019 WL 3297495, at *11-13 (D.N.J. July 23, 2019).

cocaine does.[3] The statutory penalty for conspiracy to distribute five kilograms or more of cocaine remains 10 years to Life.

The Government now concedes Count 2 is a covered offense under the First Step Act and the statutory penalty is now five to 40 years' imprisonment and at least four years' supervised release. The Amended SRR also indicates Defendant's reduced guideline range is 360 months to Life, pursuant to Amendment 782.

The Government further concedes the court has the discretion to impose a reduced sentence that has the effect of reducing Defendant's sentence on a non-covered offense, such as Count 1.[4] However, the Government opposes such a reduction based upon Defendant's distribution of over 350 kilograms of cocaine, his obstructive behavior, and his disciplinary record in the Bureau of Prisons ("BOP").[5]

---

[3] The Fair Sentencing Act could have retroactively decriminalized cocaine base but even that would have had no effect on Defendant's statutory penalty on Count 1.

[4] Essentially, because the court originally fashioned a sentence as a whole for all convictions, his eligibility on Count 2 under the First Step Act means the court has the authority and discretion to unbundle the sentence and re-sentence on all counts.

[5] The Government cites the following disciplinary violations: possessing unauthorized item (305) and being absent from assignment (310) in 2012, possessing a dangerous weapon (104) in 2009, possessing unauthorized item (305) in 2008, and fighting with another inmate (201) in 2004. ECF No. 209 at 4-5. According to the BOP, 100-level offenses are the most serious; 200-level offenses are moderately serious, and 300-level offenses are the least serious.

The court will consider the new statutory range on Count 2, the reduced advisory guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing behavior and mitigation prior to deciding whether to impose a reduced sentence.[6] Defendant shall have until October 11, 2019 to submit any information pertinent to these matters.

Because the court has determined that Defendant is eligible for consideration of a reduced sentence, and because Defendant is incarcerated in a U.S. Penitentiary, the court appoints the Federal Public Defender's office to represent Defendant in this matter. Should Defendant prefer to represent himself, he should so advise the court in writing no later than 10 days from the date of this Order.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
September 10, 2019

---

[6] Defendant argues he is entitled to a plenary resentencing and application of the Safety Valve under the First Step Act. ECF No. 205. However, the court has determined a plenary resentencing is not required by the First Step Act. *See, e.g., United States v. Hegwood*, __ F.3d __, 2019 WL 3729590 (5th Cir. Aug. 8, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (applying § 3582(c)(1)(B) and rejecting plenary resentencing); *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019) (same); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (imposing reduced sentence pursuant to § 3582(c)(1)(B)); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019) (same); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019) (same). In addition, the Safety Valve amendments of the First Step Act are not retroactive.